Kevin S. Sinclair, Esq., Nevada Bar No. 12277
 *ksinclair@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
 *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone: (702) 331-7593
Facsimile: (702) 331-1652

Attorneys for Defendant
CHICAGO TITLE INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ALT-A TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1,<br><br>                   Plaintiff,<br><br>          vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>                   Defendant. | Case No.: 2:20-cv-00500-JCM-VCF<br><br>**STIPULATION AND ORDER TO STAY CASE PENDING APPEAL AND EXTENDING DEADLINE TO RESPOND TO COMPLAINT**<br><br>**(First Request)** |



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW
545805.1

Plaintiff The Bank of New York Mellon F/K/A The Bank of New York as Successor to JPMorgan Chase Bank, Not Individually but solely as Trustee for the Holders of the Bear Stearns ALT-A Trust 2005-1, Mortgage Pass-Through Certificates Series 2005-1 ("BONY") and defendant Chicago Title Insurance Company ("Chicago Title") (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, BONY filed this action on March 11, 2020;

**WHEREAS**, BONY caused the complaint and summons to be served on Chicago Title on March 30, 2020;

**WHEREAS,** Chicago Title's current deadline to respond to the Complaint is April 20, 2020;

**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an HOA assessment lien and subsequent sale was covered by a policy of title insurance;

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

545805.1

**STIPULATION AND PROPOSED ORDER**

*Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1.      The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.

2.      Chicago Title's deadline to respond to the Complaint is hereby **VACATED**.

3.      By entering into this stipulation, Chicago Title do not intend to waive, and expressly reserves, any and all defenses listed in Fed. R. Civ. P. 12(b), including with respect whether it is subject to personal jurisdiction in this forum.

//
//
//
//
//
//
//
//
//
//
//
//



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

545805.1

**STIPULATION AND PROPOSED ORDER**

4.      By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

Dated this 1st day of April 2020

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

*/s/--Kevin S. Sinclair*

By:_____
Kevin S. Sinclair, Esq.
Nevada Bar No. 12277
Sophia S. Lau, Esq.
Nevada Bar No. 13365
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada  89148

Attorneys for Defendant
CHICAGO TITLE INSURANCE COMPANY

Dated this 1st day of April 2020

WRIGHT, FINLAY & ZAK, LLP

*/s/--Lindsay D. Robbins*

By: _____
Christina V. Miller, Esq.
Nevada Bar No. 12448
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117

Attorneys for Plaintiff
THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JPMORGAN CHASE BANK, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ALT-A TRUST 2005-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-1

## **ORDER**

**IT IS SO ORDERED:**

Dated:_____
April 15, 2020

By:_____
THE HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

545805.1

4

**STIPULATION AND PROPOSED ORDER**